UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMUEL MANNING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:18-CV-165; 3:16-CR-003 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Now before the Court is Petitioner Samuel Manning's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, as amended, in which he asserts four claims of ineffective assistance of counsel. [Docs. 2, 5, 7].[1] The United States opposes the motion. [Doc. 9]. The United States argues that the majority of Petitioner's claims lack merit and that the claim that counsel failed to file a notice of appeal is uncorroborated, while conceding at the same time that an evidentiary hearing on the appeal claim may be warranted.

For the reasons discussed below, the Court agrees that the majority of Petitioner's claims should be dismissed. The Court further finds that an evidentiary hearing is necessary on the claim that counsel failed to file an appeal. That sole claim will be referred to the magistrate judge for an evidentiary hearing and for the appointment of counsel to represent Petitioner at the hearing.

---

[1] All docket references are to Case No. 3:18-CV-165 unless otherwise noted.

I.

*Background*

In January 2016, a federal grand jury issued an indictment charging Petitioner with bank robbery. [Case No. 3:16-CR-003, doc. 9]. In September 2016, Petitioner entered into a plea agreement with the government [*id.*, docs. 25-26], agreeing to plead guilty to the single count charged.

The Court conducted a change of plea hearing on October 12, 2016. Although there is no transcript of that hearing in the record, the Court recalls conducting its traditional colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court also confirmed that Petitioner indeed wished to plead guilty. The Court confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that counsel had explained the meaning of any words Petitioner might not have understood; and that counsel had explained the terms of Petitioner's plea agreement to him. The Court further confirmed Petitioner's understanding that his sentence would be determined by the Court, and that the Court would not be able to determine the sentence until it had received the Presentence Investigation Report ("PSR").

The Court conducted Petitioner's sentencing hearing on May 8, 2017. Defense counsel advised the Court that he had gone over Petitioner's PSR with him. Petitioner did not contradict that statement.

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

2

The Court granted the United States' downward departure motion and imposed a below-guidelines sentence of 131 months' imprisonment in this case. The Court did not grant an additional downward variance despite defense counsel's well-presented argument that a variance was warranted due to Petitioner's mental and physical health. [Case No. 3:16-CR-003, doc. 33].

Petitioner did not file a direct appeal of his sentence or conviction. Instead, he submitted this timely *pro se* § 2255 motion to vacate, and its timely amendment, in April and May of 2018.

II.

*Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure

3

collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992). Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

Courts must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a movant must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine

4

confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

III.

*Discussion*

Taken together, Petitioner's motion and amendment assert four claims of ineffective assistance of counsel. The Court will address those claims in turn.

5

## A. Claim One

According to Petitioner, "Counsel failed to explain to me the conditions of my plea agreement and told me that I was going to trial and had me sign a paper that I did not even know was a plea agreement. I did not know this until I was taken for sentencing." [Doc. 2, p. 6]. This claim is flatly contradicted by the affidavit appended to Petitioner's motion to amend and by his sworn declarations at the change of plea hearing.

In his affidavit, Petitioner "swear[s] under the penalty of perjury" that counsel

> visited me in the Blount County Detention Center, with a Plea presented to me. During this time [counsel] stated that I needed to sign the Plea Agreement or go to trial. He told me that the agreement states that I would be sentenced according to the Guidelines and the Government could not go over the Guideline range. [Counsel] never explained to me what the Guideline Range was that I was facing in the Plea he asked me to sign, nor did he explain what the terms were in the plea.

[Doc. 5, Affidavit of Samuel William Manning, p. 1]. Thus, Petitioner's sworn affidavit directly contradicts the initial claim that he did not know he had signed a plea agreement "until I was taken for sentencing." Quite simply, in either his motion or his affidavit, Petitioner is not telling the truth.

Petitioner's claim and affidavit are further contradicted by his sworn statements at the change of plea hearing. There, as discussed, Petitioner affirmed that he wished to plead guilty and that his attorney had adequately covered the plea agreement with him. Petitioner further confirmed his understanding that his sentence would be determined by the Court after the Court had reviewed and considered the PSR (which, by implication, clearly had not yet been prepared or disclosed). As the Supreme Court has explained, "[s]olemn

6

declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Plainly, Petitioner's unsupported allegations are directly contradicted by the record and cannot be credited.

In addition, Petitioner has also failed to satisfy *Strickland*'s prejudice prong. He "cannot satisfy the prejudice prong in the absence of any statement that he is actually innocent, or would have gone to trial if his attorney's performance had been different." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998). Petitioner makes neither claim. He does not state that he is innocent, nor does he contend that he would have decided to proceed to trial but for his counsel's allegedly deficient communication.

For all these reasons, Petitioner's first claim will be dismissed.

### B. Claim Two

Next, Petitioner claims that counsel was ineffective "when he failed to investigate Petitioner's physical and mental state." [Doc. 5, p. 4]. Petitioner recites numerous alleged mental illnesses and a brain injury which purportedly cause significant cognitive impairment. Petitioner faults counsel for failing

> to order a mental evaluation on Petitioner and appoint a psychiatrist to examine Petitioner to determine whether Petitioner had any mental defenses that might be used at the guilt phase, whether he was incompetent to stand trial, or both. Counsel's failures caused Petitioner to suffer a harsh punishment without any defense to benefit a just sentence.

7

> [Counsel] was told by Defendant that he suffered from a mental impairment due to brain damage and was off his prescribed medication at the time of the alleged offense. Petitioner also stated that he was not receiving his medication needed while in detention before sentencing. Without making reasoned strategic decisions, Counsel ignored information given by Petitioner and failed to investigate for mental health evidence or consider introducing evidence on that issue.

[*Id.*, p. 5]. In his sworn affidavit, Petitioner further claims that

> I was in a car accident in February 1997 and I suffer from brain damage and I sometimes have difficulties understanding what is said to me if it's not properly explained to me. I was not under my prescribed medication during the time of my detention in which I was suppose[d] to be given Haoldil [sic] and could not properly comprehend at sentencing. . . . I felt that I was not fairly represented and my Attorney never mentioned my mental disabilities to help me at sentencing.

[Doc. 5, Affidavit of Samuel William Manning, p. 1-2].

As with his claim regarding the plea agreement, Petitioner's assertion that "my Attorney never mentioned my mental disabilities to help me at sentencing" is directly contradicted by the record. Defense counsel's sentencing memorandum competently presented Petitioner's alleged mental health issues as grounds for a downward variance. [Case No. 3:16-CR-003, doc. 33].

Turning to Petitioner's purported need for a mental evaluation, the Court again notes that it engaged Petitioner in a comprehensive colloquy at the change of plea hearing and found him competent to enter a plea. Beyond the self-assessment that Petitioner claims to have relayed to his attorney, he cites no "substantial evidence" which would have caused counsel or this Court to question his competence. On that point, the competency evaluation

8

conducted in Petitioner's prior federal bank robbery case, while somewhat remote, is instructive.

In February 2008, Petitioner was indicted in this court on four counts of bank robbery. [Case No. 3:08-CR-025, doc. 2]. Both parties moved for a psychological examination and Petitioner filed notice of his intent to rely on the defense of insanity. [*Id.*, docs. 15, 16, 18]. An evaluation was ordered, the results of which (conducted by a Bureau of Prisons forensic psychologist) were filed in this court on October 1, 2008. [*Id.*, docs. 20, 44].[3]

The evaluating forensic psychologist found that Petitioner was mentally competent to stand trial *and* that a finding of insanity at the time of the charged bank robberies was unsupported. [Case No. 3:08-CR-025, doc. 44, p. 8-11]. Petitioner's prior medical records were considered, including evidence of brain injury. [*Id.*, p. 1-3]. Also considered was the fact that Petitioner was not taking his prescribed medications at the time of his offenses. [*Id.*, p. 4].

The evaluating forensic psychologist found that Petitioner, when tested,

> *grossly* exaggerate[ed] the extent of his emotional problems to the point that the results could not be reliably interpreted. These results were not consistent with observations of his functioning which provided *no indication* he is seriously mentally disturbed. Mr. Manning's responses to a measure of whether individuals are reporting mental health problems honestly suggested he was intentionally exaggerating the severity of his problems.

[*Id.*, p. 6] (emphasis added).

---

[3] A summary of that report and of Petitioner's prior medical records were before the Court in the instant criminal case by way of the PSR. [Case No. 3:16-CR-003, doc. 30, ¶¶ 74-78].

"[F]ailure to make a proper competency inquiry where there is substantial evidence of a defendant's incompetency violates due process[.]" *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). "[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required[.]" *Id.* (citation omitted).

Petitioner has not presented substantial evidence that counsel was ineffective by not seeking a psychological examination or raising his mental health issues at sentencing. Counsel *did* raise those issues at sentencing. At the change of plea hearing, the Court observed Petitioner's behavior and demeanor and found him competent to enter a plea. The prior Bureau of Prisons psychological evaluation found him to be sane, competent, and a malingerer. Petitioner's second claim will be dismissed.

### C. Claim Three

Petitioner's PSR deemed him a career offender due to a prior Tennessee aggravated assault conviction, a prior Tennessee drug sale conviction, and two prior federal bank robbery convictions. [Case No. 3:16-CR-003, doc. 30, ¶¶ 29, 49, 52, 58]. Petitioner argues that counsel provided ineffective assistance by not using *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), to challenge the career offender designation. Specifically, Petitioner argues that his Tennessee aggravated assault conviction cannot stand as a career offender predicate after *Mathis* and *Johnson*.

Petitioner's argument is irrelevant. Even if the aggravated assault conviction were not counted, he would still have at least two predicate convictions and would still be a

10

career offender. *See* United States Sentencing Commission Guidelines Manual § 4B1.1(a) (2018) (In material part, a career offender is one who "who has at least two prior felony convictions of either a crime of violence or a controlled substance offense."). Counsel is not required to advance hollow arguments to avoid a charge of ineffective assistance, and cannot be ineffective for failure to raise a groundless claim. *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986). Petitioner's third claim will be dismissed.

### D. Claim Four

Lastly, in his supplemental motion, Petitioner claims that counsel was ineffective when he "failed to file a timely notice of Appeal on Petitioner's behalf after Petitioner requested." [Doc. 5, p. 2]. In his affidavit, Petitioner states that, at sentencing,

> I was given a Career Offender enhancement that I was unaware of at the time and I asked [counsel] to Appeal. I told [counsel] that my Aggravated Assault offense should not be used to Career me out and that was enough reason to appeal. [Counsel] said that if he filed a notice to Appeal that the Government could give me more time. [Counsel] said that I couldn't be a Career Offender because Johnson would affect my charge and I had a good Plea but, he refused to file a Notice of Appeal.

[Doc. 5, Affidavit of Samuel William Manning, p. 2].

The seminal Supreme Court case on a failure-to-appeal claim of ineffective assistance is *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The *Roe* Court applied *Strickland*'s framework in reaching its decision, *id.* at 476-77, meaning that both components of the *Strickland* test apply to assertions that counsel failed to file an appeal. *Id.* at 477. Thus, under *Roe*, to establish that counsel rendered a deficient performance, Petitioner must show either (1) that counsel disregarded his instructions to file a notice of

11

appeal or (2) that counsel failed to consult with him regarding an appeal when he knew or should have known that Petitioner might want to appeal.  *Id.* at 478-80.

"[A] defendant's actual 'request' is still a critical element in the Sixth Amendment analysis."  *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *accord Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (observing that "if counsel had ignored the defendant's express instruction to file an appeal, such action amounts to a per se violation of the Sixth Amendment") (internal quotation marks omitted), and at 360 (determining whether petitioner has given "express instructions to proceed with an appeal" is a pivotal factual issue in resolving the claim).

In response, the United States urges the Court to reject Petitioner's claim because its factual support is cursory and because Petitioner's affidavit is in other respects contradicted by the record.  The United States relies on *Gardner v. United States*, No. 97-5469, 1999 WL 232693 (6th Cir. Apr. 15, 1999).

*Gardner* was a § 2255 case in which the district court, without conducting an evidentiary hearing, denied the petitioner's claim that counsel failed to file a direct appeal even though he had been instructed to do so.  *Id.* at *2.  The Sixth Circuit affirmed because Gardner "wholly failed to provide the district court with any facts at all to support his claim of ineffective assistance of counsel, let alone the essential fact of his having made an actual request that an appeal be filed[.]"  *Id.* at *3.  The Sixth Circuit further explained,

12

> Despite the fact that Petitioner had failed to raise the ineffective assistance of counsel issue in his original § 2255 motion, the court gave him the opportunity to make such a claim and explicitly ordered him to allege specific facts to support it. *Petitioner provided the court with no facts whatsoever*. As a consequence, because Petitioner failed to provide the essential factual allegation on which his ineffective assistance claim must rise or fall, the face of the motion, the files and the record conclusively showed that Petitioner was not entitled to relief. The district court was not required to hold an evidentiary hearing.

*Id.* at 4 (emphasis added).

The instant case is not *Gardner*. True, some of Petitioner's statements relating to his other claims, as discussed above, are plainly contradicted by the record, but Petitioner's statements in support of his fourth claim are not significantly contradicted, at least for now. Unlike Gardner, Petitioner has provided sufficient factual allegations in support of his fourth claim. According to his sworn affidavit, after receiving his career offender sentence, Petitioner instructed counsel to appeal but counsel refused. Petitioner's sworn statements are, at this stage, uncontroverted and sufficient. *See, e.g., Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013) (observing that "the allegations in a motion signed under penalty of perjury '*become* evidence'") (quoting *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (emphasis in original).

"[A] lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe*, 528 U.S. at 477. Where counsel fails to file an appeal after being specifically instructed to do so, a defendant is ordinarily entitled to a delayed direct appeal, regardless of whether such an appeal would be meritorious. *Id.*; *accord Ludwig*, 162 F.3d at 459.

13

A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief, *see Napier v. United States*, No. 93–5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993), "unless the allegations cannot be accepted as true because 'they are contradicted by the record' or are 'inherently incredible.'" *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (citation omitted). The instant Petitioner's factual allegations involving counsel's failure to file an appeal are not contradicted by the record or inherently incredible and they arguably demonstrate both deficient performance (disregard of specific instructions to file an appeal) and prejudice (the denial of "an appeal altogether"). *Roe,* 528 U.S. at 477, 483.

Thus, the Court concludes that Petitioner has met the relatively low bar to warrant an evidentiary hearing with respect to this claim. *See Martin*, 889 F.3d at 832 (describing the burden to establish "an entitlement to an evidentiary hearing [as] relatively light" and instructing that "[w]here there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims") (citation and internal quotation marks omitted).

IV.

*Conclusion*

For the reasons discussed in this Memorandum and Order, Petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [docs. 2, 5] is **DENIED** and **DISMISSED** except as to the claim that counsel failed to file a requested appeal. As to that claim only, this matter is **REFERRED** to the magistrate judge for an

14

evidentiary hearing, appointment of an attorney to assist Petitioner in presenting his case for collateral relief at that hearing, and a report and recommendation as to the merits of the claim that counsel failed to file a requested appeal.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge